JULIE McGRATH THROOP, ESQ.
Nevada Bar No. 11298
TERRY A. FRIEDMAN, ESQ.
Nevada Bar No. 1975
300 South Arlington Avenue
Reno, Nevada 89501
Telephone: (775) 322-6500
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DOUGLAS BRONZIE,<br><br>       Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; MIGUEL CALDERON; JOHN DOES I-XX, inclusive; ABC CORPORATIONS I-X, inclusive; and BLACK AND WHITE COMPANIES, I-X, inclusive,<br><br>       Defendant.<br>_____/ | Case No.:<br><br>**PLAINTIFF'S COMPLAINT** |

Plaintiff, DOUGLAS BRONZIE, by and through his undersigned counsel, Terry A. Friedman, Esq., and Julie McGrath Throop, Esq., herein complains and alleges as follows:

**I. Jurisdiction**

1. That at all times pertinent and material hereto, Plaintiff DOUGLAS BRONZIE ("Plaintiff") and Defendants were acting within the physical boundaries of the State of California, County of Nevada.

2. That upon information and belief, Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC ("SWIFT") is a limited liability company headquartered in Phoenix, Arizona and incorporated in Delaware.

3. That Plaintiff is a resident of Douglas County, Nevada.

4. That Defendant MIGUEL CALDERON is a resident of Maricopa County, Arizona.

5. That pursuant to 28 U.S. Code § 1332(a), this Court has original jurisdiction

1  based upon diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive
2  of interest and costs.
3       6.    That Northern Nevada is the proper venue for this action because a substantial
4  part of the events or omissions giving rise to the claim occurred in Nevada.
5       7.    That the collisions occurred approximately six (6) miles away from the Nevada-
6  California border on I-80, less than two miles west from Nevada, and the Defendant and Plaintiff
7  had just left the state of Nevada, driving west into California, Plaintiff, a citizen of Minden,
8  Nevada, had all of his treatment in Nevada, and all treating physicians, witnesses, and expert
9  witnesses reside in Nevada.
10      8.    That Nevada's long-arm statute grants personal jurisdiction over the Defendant
11 SWIFT and that the exercise of that jurisdiction comports with the principles of due process and
12 that SWIFT has sufficient minimum contacts with the forum state of Nevada so that subjecting
13 SWIFT to Nevada's jurisdiction will not offend traditional notions of fair play and substantial
14 justice.
15      9.    The Defendant SWIFT purposefully availed itself of the privilege of the
16 forum state of Nevada, or purposefully directed its conduct towards the state of Nevada; and the
17 cause of action arose from the Defendant SWIFT's purposeful contact or activities in connection
18 with Nevada, such that is reasonable to exercise personal jurisdiction.
19      10.    That Defendant SWIFT committed an intentional act, expressly aimed at the
20 forum state, Nevada, causing harm that Defendant SWIFT knows is likely to be suffered in the
21 forum state, Nevada.
22      11.    That Defendant SWIFT, a commercial delivery company with deliveries and
23 locations across the country, has sufficient minimum contacts with Nevada and has subjected
24 itself to Nevada's jurisdiction by entering into Nevada to do their business activities. The
25 Defendant knows that driving commercial vehicles in Nevada is likely to cause harm in Nevada,
26 including harm done to a Nevada resident at the Nevada-California border.
27

12. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH vs. Virostek,* 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as DOES I through XX, inclusive, ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive are unknown at the present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, and that said fictitiously designated Defendants are jointly and severally liable for the damages sustained by Plaintiff as alleged herein. When Plaintiff becomes aware of the true names of said Defendants, they will request leave to amend this Complaint in order to state the true names in the place and stead of such fictitious names.

13. Plaintiff does not know the true names and capacities, whether corporate or otherwise, of these Defendants sued herein as DOES I through XX, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive and Plaintiff prays leave that when the true names of said Defendants are ascertained, they may insert the same at the appropriate allegations. Plaintiff is informed and believes, and upon such information and belief, allege that each of the Defendants designated herein by such fictitious names are negligently responsible in some manner for the events and happenings herein referred to and negligently caused the injuries to Plaintiff. Plaintiff further alleges that each Defendant designated herein by such fictitious names are and at all times relevant hereto were, agents of each other and have ratified the acts of each other Defendant and acted within the course and scope of such agency and have the right to control the actions of the remaining Defendants.

14. That on or about August 22, 2019, the Plaintiff, DOUGLAS BRONZIE, was lawfully driving his vehicle in Nevada County, California on I-80 westbound when another vehicle, a tractor-trailer driven by the Defendant MIGUEL CALDERON and owned by Defendant SWIFT negligently and carelessly traveled into Plaintiff's lane, striking the passenger

front side of Plaintiff's vehicle, which caused Plaintiff to strike the center median wall, disabling his vehicle, and causing the Plaintiff to sustain personal injury.

15. That Defendants, and each of them, had a duty of reasonable care, and breached that duty of reasonable care when the Defendant MIGUEL CALDERON failed to adhere to the road conditions in a reasonable fashion, which was the cause in fact of said collision and proximate cause of all damages hereinafter alleged.

16. That the Defendants, and each of them, owed a duty to the Plaintiff and breached said duty when Defendant MIGUEL CALDERON exceeded the conditions of the highway and drove with excessive carelessness, which was the cause in fact and proximate cause of all damages hereinafter alleged.

17. That Defendant SWIFT was acting by and through its duly authorized agents and/or employees and/or ratified their conduct, and Defendant MIGUEL CALDERON is an employee of Defendant SWIFT, and Defendant MIGUEL CALDERON caused the collision to occur while Defendant MIGUEL CALDERON was in the course and scope of employment, and further, Defendant SWIFT is vicariously liable for the negligent conduct of Defendant MIGUEL CALDERON.

18. That Defendant SWIFT failed to adequately investigate, inspect and supervise the driving qualifications of Defendant MIGUEL CALDERON, and employed Defendant MIGUEL CALDERON to drive a work vehicle, when a proper investigation, inspection and supervision would have shown that Defendant MIGUEL CALDERON was not qualified to drive, which is a cause in fact and proximate cause of all damages hereinafter alleged, and therefore, Defendant SWIFT negligently entrusted the vehicle to Defendant MIGUEL CALDERON

19. That Defendants were in violation of California Law and Statute and are negligent per se.

20. That the Defendants have caused the Plaintiff to suffer general damages including, but not limited to, pain, suffering, aggravation, and the like, past, present and future, in excess of

1  $75,000.00 and/or according to proof.

2  21. That Plaintiff has incurred special damages including, but not limited to, medical expenses and hospitalization costs, loss of earning, and earning capacity, together with incidental expenses past, present and future, in excess of $75,000.00 and/or to proof.

22. That as a direct result of the motor vehicle incident, Plaintiff has personal property damage losses including but not limited to damage to her motor vehicle, past, present and future, in excess of $75,000.00 and/or according to proof.

23. That the medical specials to date exceed $75,000.00, and this matter should be exempt from the arbitration program of this jurisdiction, as it has a probable fact finder award in excess of $75,000.00, because Plaintiff sustained severe and permanent injuries.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth:

1. For general damages in excess of $75,000.00, and/or according to proof.
2. For special damages in excess of $75,000.00, and/or according to proof.
3. For incidental damages, and/or according to proof.
4. For exemption from the arbitration program of this jurisdiction.
5. For court costs and disbursement, interest, and attorney's fees.
6. For such other and further relief as the Court deems proper in this matter.
7. For leave to amend the Complaint upon discovery of the true names and identities of each Doe defendant.

Dated this 13th day of July, 2021.

TERRY FRIEDMAN AND JULIE THROOP, PLLC

By: */s/ Julie McGrath Throop*
JULIE McGRATH THROOP, ESQ.
TERRY A. FRIEDMAN, ESQ.
300 South Arlington Avenue
Reno, Nevada 89501
(775) 322-6500 T
Attorneys for Plaintiff